UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY JOHN COLE,

    Petitioner,                                      Civil No. 2:18-CV-11254
                                                  HONORABLE VICTORIA A. ROBERTS
v.                                                UNITED STATES DISTRICT JUDGE

LORI GIDLEY,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Larry John Cole, ("Petitioner"), confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for attempted second-degree arson, M.C.L.A. 750.731.

For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE. The motion for the appointment of counsel is DENIED.

**I. Background**

Petitioner pleaded *nolo contendere* in the Emmett County Circuit Court and was sentenced to three to five years in prison. Petitioner filed a motion to withdraw his plea, which was denied.

1

Petitioner's conviction was affirmed on appeal. *People v. Cole,* No. 335444 (Mich.Ct.App. Dec. 20, 2016); *lv. den.* ---- Mich.----; 906 N.W. 2d 784 (2018).

Petitioner seeks a writ of habeas corpus on the following grounds: 1) The trial judge abused his discretion in denying Petitioner's motion to withdraw his *nolo contendere* plea, 2) the judge failed to articulate reasons for departing above the sentencing guidelines range, and 3) ineffective assistance of trial and appellate counsel

## II. Discussion

The Court dismisses the petition for writ of habeas corpus because it contains a claim that was not properly exhausted with the state courts.

A state prisoner seeking federal habeas relief is required to exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *See also Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). Although not jurisdictional, exhaustion "is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich.

2003); 28 U.S.C. § 2254(b)(3). A habeas petitioner has the burden of proving that he or she exhausted his or her state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner admits raising his ineffective assistance of appellate counsel claim only for the first time in his application for leave to appeal before the Michigan Supreme Court. [1] Petitioner's claim of ineffective assistance of appellate counsel is subject to the exhaustion requirement. *See Baldwin v. Reese,* 541 U.S. 27, 30-33 (2004). Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner failed to present his ineffective assistance of appellate counsel claim on his direct appeal with the Michigan Court of Appeals; his subsequent presentation of the claim to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F. App'x. 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x. 543, 549 (6th Cir. 2006).

Petitioner has an available state court remedy with which to exhaust his claim. Petitioner may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq*. to exhaust his ineffective assistance of appellate counsel claim

---

[1] See Dkt. # 1, Pg ID 58. Petitioner also admits in his request to expand the record that he could not raise an ineffective assistance of appellate counsel claim on his direct appeal. Dkt. # 1, Pg ID 70.

and pursue this claim in the state appellate courts as necessary. *See Wagner v. Smith,* 581 F. 3d at 419; *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). The unexhausted claim concerns a matter of federal law which may warrant further review. This claim should be addressed to and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow a petitioner to present his or her unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending Petitioner's return to the state courts to exhaust his claim, rather than dismissing it without prejudice. The Michigan Supreme Court denied Petitioner's application for leave to appeal on February 20, 2018. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) for filing habeas petitions did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman,* 555 U.S. 113, 119 (2009).

Petitioner did not seek a writ of certiorari with the United States Supreme Court.

Petitioner's judgment will become final, for the purpose of commencing the running of the one year limitations period, on May 21, 2018. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with this Court on April 20, 2018 before his conviction became final with the state courts. Moreover, 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion. Petitioner has an entire year remaining under the limitations period, which is tolled during the pendency of Petitioner's state post-conviction proceedings; Petitioner will not be prejudiced by the dismissal of his habeas petition without prejudice while he seeks post-conviction review in the state courts. A stay of the proceedings is not necessary or appropriate to preserve the federal forum for Petitioner's claims. *See Schroeder v. Renico*, 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

The Court denies the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Petitioner's claim is unexhausted; he is not entitled to the appointment of counsel. *See e.g. Dupree v. Jones*, 281 F. App'x. 559, 561 (7th Cir. 2008).

### III. Conclusion

The Court summarily dismisses the petition for writ of habeas corpus without prejudice.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling. The Court denies a Certificate of Appealability. The Court also denies Leave to Proceed *In Forma Pauperis* on Appeal as an appeal cannot be taken in good faith. Fed. R.App. P. 24(a).

## IV.  ORDER

**The Court SUMMARILY DISMISSES WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus and **DENIES** a Certificate of Appealability**.**

The motion for the appointment of counsel (Dkt. # 3) is **DENIED.**

Petitioner is **DENIED** leave to appeal *in forma pauperis.*

                                       S/Victoria A. Roberts
                                       **HON. VICTORIA A. ROBERTS**
**Dated:** April 27, 2018              **UNITED STATES DISTRICT JUDGE**